IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN LEE DISNEY,
              Plaintiff,

vs.                                  Case No.:  5:04cv384/SPM/EMT

DAVID BAESEL,
              Defendant.
_____/

### REPORT AND RECOMMENDATION

      Plaintiff, proceeding pro se and in forma pauperis,[1] has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 11).  Upon review of the complaint, the court concludes Plaintiff has not presented an actionable claim and that dismissal of this action is warranted.

      Because Plaintiff is preceding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most

_____

[1]This court previously directed Plaintiff to pay a partial filing fee (Doc. 4), and Plaintiff did so (Doc. 8).

favorable to the plaintiff.  *See* Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *See* Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).

I.  Background

    Plaintiff is presently confined at a facility within the California Department of Corrections (Doc. 11 at 2).  Plaintiff names David Beasel, a resident of Panama City, Florida, as the sole Defendant in this action (Doc. 11 at 1, 2).  Plaintiff alleges that in 1966 Defendant "took a recording of [Plaintiff's] elementary school band, which he sold" to a musical group known as "Blood, Sweat and Tears" (Doc. 11 at 7).  He further alleges that in 1968 he "wrote other songs" for Defendant, and that in 1970 he "wrote songs for [Defendant] for profit and personal gain . . . [for] which [he] never received any royalties . . ." (*id.*).  Plaintiff contends Defendant "told" him he was holding royalties until Plaintiff's 47th birthday, which Plaintiff contends occurred last year (*see id.*).  Plaintiff alleges he has attempted to contact Defendant without success, which prompted the filing of the instant lawsuit (*id.*).  Plaintiff summarizes his claims as infringement of copyright laws, pandering, fraud, and extortion (Doc. 11 at 8).  As relief, Plaintiff seeks "compensation for said materials received over [the] past 30 years and/or 2.5 million dollars" (Doc. 11 at 8).

II.  Applicable legal standard

    Plaintiff brought his claims under 42 U.S.C. § 1983.  In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1.  whether the conduct complained of was committed by a person acting under color    of state law; and
    2.  whether the conduct deprived a person of rights, privileges, or immunities secured
        by the Constitution or laws of the United States.

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-331, 106 S.Ct. 662, 664-665, 88 L.Ed.2d 662 (1986); *see also* Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt, 451 U.S. at 535).

    "The traditional definition of acting under color of state law requires that the defendant in

a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (citations omitted).  "[A] defendant in a § 1983 suit acts under color of state law when he abuses the position [or authority] given him by the State." West, 487 U.S. at 50, 108 S.Ct. 2255 (citation omitted).  For example, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.  *See, e.g.*, Parratt, 451 U.S. at 535-536, 101 S.Ct. at 1913; Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-1606, 26 L.Ed.2d 142 (1970).

III.  Analysis

The initial inquiry is whether the conduct complained of by Plaintiff was committed by a person acting under color of state law.  Plaintiff has not suggested, much less alleged, that Defendant was acting under color of state law.  Plaintiff has twice been instructed on the law in this regard (*see* Docs. 3, 10), and was given opportunities to clarify his allegations in amended complaints (*id*). Plaintiff filed amended complaints, but consistently failed to allege that Defendant acted under the color of state law.  Thus, even accepting all of Plaintiff's allegations in the light most favorable to him, it is evident that Plaintiff failed to allege any claim actionable under section 1983.  An alternative jurisdictional basis may exist for Plaintiff's claims, e.g., if there is diversity of citizenship between the parties and the amount in controversy meets the jurisdictional minimum.  *See* 28 U.S.C. § 1332.  Alternatively, Plaintiff may have an avenue of relief available in state court.  Regardless of these possibilities, however, it is clear that Plaintiff has failed to state a claim for relief under section 1983.  Thus, Plaintiff's action is properly dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Accordingly, it is **RECOMMENDED**:

1.  That Plaintiff's action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief under 42 U.S.C. § 1983.

At Pensacola, Florida this <u>11</u><sup>th</sup> day of March, 2005.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**